UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN WATERS, Individually and as Personal Representative of the Estate of NORMA WATERS, Deceased,<br>　　　　Plaintiff, | )<br>)<br>)<br>)<br>) | |
| vs. | ) | 1:10-cv-00983-LJM-MJD |
| | ) | |
| ANONYMOUS HOSPITAL A, ANONYMOUS DOCTOR B, ANONYMOUS DOCTOR C, ANONYMOUS DOCTOR D, ANONYMOUS DOCTOR E, ANONYMOUS HOSPITAL F, ANONYMOUS MEDICAL GROUP G, ANONYMOUS DOCTOR H, ANONYMOUS DOCTOR I, ANONYMOUS DOCTOR J, ANONYMOUS DOCTOR K, UNITED STATES OF AMERICA,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

## **ORDER**

This matter comes before the Court on Defendant's, United States of America ("USA"), Motion to Dismiss the United States as a Party Defendant and Alternative Motion for Summary Judgment [dkt. no. 18] and Plaintiff's, Kevin Waters ("Waters"), Motion in Opposition to the USA's Alternative Motions to Dismiss and for Summary Judgment [dkt. no. 27]. The USA contends that Waters failed to exhaust his administrative remedies in this medical malpractice action as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), prior to filing suit. Waters has filed a Motion for Leave to Amend his Complaint, arguing that an amendment will cure the failure to exhaust. For the following reasons, the Court **GRANTS** the USA's Motion to Dismiss and Alternative Motion for Summary Judgment and **DENIES** both Waters' Motion in Opposition to the USA's Alternative Motions

to Dismiss and for Summary Judgment [dkt. no. 27] and Waters' Motion for Leave to Amend [dkt. no. 31].

## I. BACKGROUND

Plaintiff's decedent, Norma Waters, was seen multiple times by Dr. Cui and the Echo Clinic among others for severe abdominal pain, pain after eating, nausea, vomiting, diarrhea and significant weight loss. Compl. ¶ 3-4. On July 3, 2008, as a result of alleged negligence of Dr. Cui, the Echo Clinic and various anonymous defendants, Norma Waters died. *Id.* ¶ 8.

On April 29, 2010, pursuant to the Indiana Medical Malpractice Act, Waters filed a proposed complaint with the Indiana Department of Insurance ("IDOI"). Dkt. No. 29 ¶ 1. Waters states that preliminary investigation indicated that Dr. Cui and the Echo Clinic were not covered und the Indiana Medical Malpractice Act. Dkt. No. 29-2. On May 4, 2010, Waters served a notice of tort claim and a completed Form 95 upon the United States Department of Health and Human Services ("DHHS"). Dkt. No. 29-1. IDOI issued a notice that Dr. Cui and Echo Clinic were not covered under the Indiana Medical Malpractice Act. Dkt. No. 29-2. On June 3, 2010, Waters, unsure of whether the FTCA applied to Dr. Cui and the Echo Clinic, filed suit in Vanderburgh County, Indiana, against Dr. Cui, the Echo Clinic and other anonymous defendants to avoid problems with the statute of limitations. *See* Dkt. No. 1. After Waters filed his Complaint, DHHS notified him that Dr. Cui and Echo Clinic were covered under the FTCA. Dkt. No. 29-4. On August 3, 2010, the USA removed the state court complaint to this Court. Dkt. No. 1. On September 22, 2010, the USA filed

2

its notice to substitute itself as a party defendant in lieu of Dr. Cui and Echo Clinic. Dkt. No. 17.

## II. **STANDARD**

The Seventh Circuit has indicated that in FTCA cases whether a plaintiff has exhausted his or her administrative remedies, though a prerequisite to suit, does not implicate federal subject matter jurisdiction and is better addressed under Rule 12(b)(6) than Rule 12(b)(1). *See Palay v. United States*, 349 F.3d 418, 424 (7th Cir. 2003). However, because Waters has presented matters outside of the pleadings, the Court will treat the motion as one for summary judgment pursuant to Rule 12(d). Fed. R. Civ. P. 12(d).

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267–68 (7th Cir. 1990). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56(a), which provides in relevant part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials showing that a fact either is or cannot be genuinely disputed. Fed. R. Civ. P. 56(c)(1). A

genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying applicable evidence. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). If the moving party does not have the ultimate burden of proof on a claim, it is sufficient for the moving party to direct the court to the lack of evidence as to an element of that claim. *See Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 & n.3 (7th Cir. 1994). "If the nonmoving party fails to establish the existence of an element essential to [her] case, one on which [she] would

bear the burden of proof at trial, summary judgment must be granted to the moving party."
*Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

### III. **DISCUSSION**

Relying on *McNeil v. United States*, 508 U.S. 106 (1993), the USA contends that the Court should dismiss it as a party opponent because Waters filed his Complaint before final denial of the administrative tort claim and six months had not elapsed between the filing of the administrative tort claim notice and the filing of the litigation. *See* 28 U.S.C. § 2675(a). The FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this action.

*Id.* In *McNeil*, a plaintiff proceeding without counsel filed a complaint in the United States District Court for the Northern District of Illinois, alleging that the United States Public Health Service had caused him serious injuries while "conducting human research and experimentation on prisoners." 508 U.S. at 107. After filing his complaint, the plaintiff submitted a claim for damages to the Department of Health and Human Services, which was denied. *Id.* at 107-08. The Court held that potential plaintiffs must strictly adhere the FTCA's requirement of exhaustion of administrative remedies before invoking judicial process. *Id.* at 112.

5

Waters argues that the facts of *McNeil* are inapposite to this case and that because whether the FTCA applied the Dr. Cui and the Echo Clinic was unclear, it was necessary to file suit in state court before he fulfilled the exhaustion requirement. Specifically, Waters argues that he substantially complied with all of the requirements of the FTCA, unlike the plaintiff in *McNeil*. He further argues that because he could not ascertain whether the FTCA applied to Dr. Cui and the Echo Clinic and, accordingly, filed suit in state, not federal, court to preserve his case only after he served DHSS with a notice of tort claim and Form 95. Although the situation at bar is different than the situation in *McNeil*, the holding in *McNeil* is formulated broadly and controls this case. *See id.* In *McNeil*, the Supreme Court states:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, [§ 2675(a)] governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*Id.* According to the plain language of the statute, Waters prematurely filed suit in this case, and the Supreme Court has concluded that the Court must strictly adhere to § 2675(a) regardless of whether Waters filed suit protectively while simultaneously filing notice of his tort claim. *Id.* In lieu of dismissal Waters argues that the Court should simply stay proceedings until six months elapse between when he noticed DHHS of his tort claim. Unfortunately for Waters, the Supreme Court has recognized that although the burden imposed by premature filing may be slight in the individual case, as it would be here, the interest of orderly administration of FTCA claims is best served by strict adherence to § 2675(a). *Id.* The Court cannot stay the proceedings in this case to cure Waters' premature

6

filing.  Accordingly, the Court **GRANTS** the USA's Motion for Summary Judgment, and dismisses the USA as a party-defendant.  The Court notes that its dismissal of the USA is without prejudice, and Waters is free to re-file his Complaint conforming to § 2675(a).  In order to cure his prematurity problem and avoid dismissal of the USA, Waters moves for leave to amend his Complaint on a date after six months have elapsed after his notice of a tort claim to DHHS.  "The general rule is to freely permit plaintiffs to amend their complaint 'once as a matter of course.'" *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)).  However, a plaintiff does not have an absolute right to amend as a matter of course, and the Court may deny a motion to amend "if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Waters relies upon *Mires v. United States* for the proposition that such an amendment would cure his premature filing.  466 U.S. 1208, 1211-13 (10th Cir. 2006).  *Mires* is distinguishable from the case at bar.  First, *Mires* addresses a statute regarding tax refund suits and not the FTCA.  *Id.* at 1209.  Also, in *Mires*, the court is careful to note that the government consented to the plaintiff's amendment of his complaint, which the government has not done in this case.  *Id.* at 1212.  Finally, *Mires* limits its holding to its facts.  *Id.* ("We hold only that, under the circumstances of this case, the Estate cured the obvious lack of subject matter jurisdiction present when the suit began.").  The extremely narrow holding in *Mires*, which is only persuasive authority in this Court, does not convince the Court that amendment would cure Waters' premature filing in light of the clear statement in *McNeil* requiring strict adherence to the statutory exhaustion requirement. 508

7

U.S. at 112.  Accordingly, the Court **DENIES** Waters' Motion for Leave to File an Amended Complaint [dkt. no. 31].  *Cf. Warrum v. United States*, 427 F.3d 1048, 1050 (noting that while state law defines the substantive nature of the plaintiff's cause of action, the FTCA imposes its own procedural rules including the administrative exhaustion requirement).

After the Court dismisses the USA as a party defendant, it is left with a state law medical malpractice case over which it lacks subject matter jurisdiction.  Accordingly, the Court **REMANDS** the remainder of the case to Vanderburgh County, Indiana, Circuit Court, and **DISMISSES as MOOT** the Anonymous Defendants' Motion for Severance of Claim and Remand [dkt. no. 21] and the Anonymous Defendants' Motion to Transfer Case to the Evansville Division [dkt. no. 22].

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the USA's Motion to Dismiss the United States as a Party Defendant and Alternative Motion for Summary Judgment [dkt. no. 18] and **DENIES** Waters Motion in Opposition to the USA's Alternative Motions to Dismiss and for Summary Judgment [dkt. no. 27]. The Court further **DENIES** Waters' Motion for Leave to File an Amended Complaint [dkt. no. 31]. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the USA as a party defendant, **REMANDS** the remainder of the case to Vanderburgh County Circuit Court and **DISMISSES as MOOT** the Anonymous Defendants' Motion for Severence of Claim and Remand [dkt. no. 21] and the Anonymous Defendants' Motion to Transfer Case to the Evansville Division [dkt. no. 22].

IT IS SO ORDERED this 14th day of April, 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

R. Thomas Bodkin
BAMBERGER FOREMAN OSWALD & HAHN
tbodkin@bamberger.com

Thomas H. Bryan
FINE & HATFIELD
thb@fine-hatfield.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Mary Anne Pelic
BUNGER & ROBERTSON
mpelic@lawbr.com

Deborah K. Pennington
GARAU GERMANO HANLEY & PENNINGTON, P.C.
dpenning@gghplaw.com

Tracy S. Prewitt
O'BRYAN BROWN & TONER
prewittt@obtlaw.com

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov

James L. Whitlatch
BUNGER & ROBERTSON
jwhit@lawbr.com